| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | **NOT FOR PUBLICATION** |
| WINDWARD BORA, LLC, | **MEMORANDUM AND ORDER** |
| Plaintiff,<br>– against – | 1:18-cv-05756-ERK-SMG |
| TANISHA ALLEN, 123 POWELL LLC &<br>CITY OF NEW YORK ENVIRONMENTAL<br>CONTROL BOARD | |
| Defendants. | |

KORMAN, *J.*:

In 2006, Tanisha Allen took out a $160,865 mortgage on a three-family home located at 1429 Pitkin Avenue in Brooklyn. ECF No. 1 Exh. B. Ms. Allen executed and delivered a Note to National City Bank in that amount. *Id.* Exh. C. In 2011, PNC Bank N.A. — National City Bank's successor by merger — assigned the mortgage to Mortgage Electronic Registration Systems Inc. (MERS). *Id.* Exh. D. The Note was transferred by affixation of an allonge endorsed in blank. *Id.* Exh. C. An allonge is a "a slip of paper sometimes attached to a negotiable instrument," Black's Law Dictionary (11th ed. 2019), that becomes a part of the instrument once it is "firmly affixed thereto." N.Y. U.C.C. § 3-202.

In 2015, Ms. Allen conveyed all her interest in the subject property to 123 Powell, LLC (Powell) by quitclaim deed. *Id.* Exh. F. In 2018, MERS assigned the mortgage and transferred the Note to Windward Bora, LLC (Windward). *Id.* Exhs.

1

D–E.  Windward claims that Ms. Allen defaulted on her mortgage payments beginning in July 2012 and has failed to cure since then.  ECF No. 46.

## PROCEDURAL HISTORY

Windward brought this action in diversity seeking to foreclose on 1429 Pitkin Avenue.  Neither Ms. Allen nor the City of New York Environmental Control Board — which had filed judgments against the subject property — appeared to defend and the Court noted their defaults on its docket.  ECF No. 41.  Powell filed an answer denying outright, or denying knowledge or information sufficient to form a belief regarding, all of the factual allegations in Windward's complaint.  ECF No. 12.  The answer asserted fourteen affirmative defenses and advanced two counterclaims.  *Id.*

After settlement talks stalled, Windward moved for summary judgment.  ECF No. 43.  Powell responded by filing a pleading styled a "Declaration in Opposition of Motion" (Declaration).  ECF No. 47.  This document erroneously cited New York instead of federal law for the standard on summary judgment and appeared to abandon — or at least failed to support — both the affirmative defenses and counterclaims Powell put forward in its answer.  *Id.*  Neither party filed a statement of material facts in relation to a motion for summary judgment as required by E.D.N.Y. Local Civil Rule 56.1.  I prompted the parties to file their statements, which Windward did.  ECF No. 49.  Powell was advised that failure to

file a responsive counterstatement could result in Windward's factual assertions being deemed admitted for the purpose of resolving its summary judgment motion. It failed to file a statement.

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). I view the evidence "in the light most favorable to" the non-movant and "draw[] all reasonable inferences and resolv[e] all ambiguities" in its favor. *Lockhart v. MTA Long Island R.R.*, 949 F.3d 75, 79 (2d Cir. 2020).

### II. Prima Facie Case for Foreclosure

Under New York law, a plaintiff establishes a prima facie case to foreclose a mortgage by producing "the mortgage, the unpaid note, and evidence of default." *Flagstar Bank, FSB v. Mendoza*, 139 A.D.3d 898 (N.Y. App. Div. 2016) (internal quotations omitted). Where standing is placed in issue by the defendant, the plaintiff must prove its standing by "demonstrating that it is either the holder or assignee of the underlying note at the time the action is commenced." *Wells Fargo Bank. NA v. Gallagher*, 137 A.D.3d 898, 899 (2d Dep't 2016). In a foreclosure like this one, proper service of the notice required by Real Property Actions and

Proceedings Law (RPAPL) § 1304 is a condition precedent to commencement of the action. *Aurora Loan Servs., LLC v. Weisblum*, 85 A.D.3d 95, 98 (2d Dep't 2011). Plaintiff bears the burden of establishing satisfaction of that condition. *Id.* at 106.

Windward has established its prima facie case for foreclosure. Windward attached the mortgage and unpaid Note to its complaint, along with evidence of the chain of assignments and an affidavit of Note possession by Yonel Devico, Windward's sole member. *See* ECF No. 1 Exhs. A–E. Annexing a Note endorsed in blank to the complaint is enough to demonstrate physical possession through delivery at the time the action is commenced, which establishes standing. *JPMorgan Chase Bank v. Weinberger*, 142 A.D.3d 643, 645 (2d Dep't 2016). "An instrument payable to order and indorsed in blank becomes payable to bearer and may be negotiated by delivery alone," N.Y. U.C.C. § 3-204(2), and "[t]here is simply no requirement that an entity in possession of a negotiable instrument that has been endorsed in blank must establish how it came into possession of the instrument in order to be able to enforce it." *Weinberger*, 142 A.D.3d at 645. In support of summary judgment, Windward submitted an affidavit from Mr. Devico asserting that Ms. Allen breached her obligations under the Note, and thereby defaulted on the mortgage, beginning in July 2012. ECF No. 46 ¶ 6. Windward

4

also attached copies of the 90-day notice required by RPAPL § 1304 and certified mail receipts showing they were sent to Ms. Allen. ECF No. 1 Exh. G.

The documents submitted by Windward are sufficient to make out a prima facie case for foreclosure. Moreover, Windward alleged the facts essential to its prima facie case as undisputed in its Rule 56.1 statement. ECF No. 49. Those facts are deemed admitted for the purposes of resolving this motion for summary judgment because Powell failed to controvert them by filing its own statement, even after I prompted it to do so. *See* E.D.N.Y. Local Civil Rule 56.1(c) ("Each numbered paragraph in the statement of material facts set forth in the statement . . . will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party."). Consequently, Powell has failed to dispute any of the facts material to Windward's prima facie case for foreclosure.

### III. Powell's Affirmative Defenses and Counterclaims

In its answer, Powell asserted fourteen affirmative defenses and two counterclaims. ECF No. 12. The defenses and claims were pled in conclusory language and lacked factual support and legal citation. Powell's Declaration failed to renew or support any of the claims in its answer except the assertion that Windward lacks standing to bring this foreclosure action. *See* ECF No. 47. As discussed, Windward's production of the unpaid Note with a properly affixed

5

allonge endorsed in blank establishes its possession at the commencement of the action for standing purposes. As to Powell's other claims, "vague assertions and unsupported statements . . . do not raise issues of fact relative to the failure to make the payments as required under the mortgage and note." *Marton Assoc. v. Vitale*, 172 A.D.2d 501, 502 (2d Dep't 1991); *see also Josovich v. Ceylan*, 133 A.D.3d 570, 572 (2d Dep't 2015).

Powell's Declaration raises new issues related to the total amounts owed. ECF No. 47. Powell also argues that "a referee must be appointed and a referee hearing . . . must be scheduled" to resolve these questions. *Id.* ¶ 7. As an initial matter, Powell raised these arguments for the first time in its papers opposing summary judgment and I could consider them waived. *See Greenidge v. Allstate Ins. Co.*, 446 F.3d 356, 361 (2d Cir. 2006). Regardless, they are meritless because Powell confuses the order of operations in mortgage foreclosure actions. Disputes over the amount owed "may be resolved after a reference pursuant to RPAPL [§] 1321, and the existence of such a dispute does not preclude the issuance of summary judgment" on the issue of foreclosure. *Crest/Good Mfg. Co. v. Baumann*, 160 A.D.2d 831, 831–32 (2d Dep't 1990); *see also Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71, 82–83 (E.D.N.Y. 2019). A reference to compute may be appropriate at a later stage, but it does not stand as an obstacle to summary judgment on the issue of foreclosure.

## CONCLUSION

Windward has established its prima facie case for foreclosure. Powell has failed to establish an affirmative defense or show the existence of a genuine dispute of material fact that would preclude summary judgment. Windward's motion for summary judgment is granted. Windward will submit a proposed form of judgment of foreclosure and sale within fourteen days.

**SO ORDERED.**

Brooklyn, New York
October 6, 2020

*Edward R. Korman*
Edward R. Korman
United States District Judge